**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH GALLI,<br><br>                Plaintiff,<br><br>      v.<br><br>COMMISSIONER KUHN, et al.,<br><br>                Defendants. | Civil Action No. 25-3841 (MAS) (RLS)<br><br>**OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Joseph Galli's civil complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, this Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety. Plaintiff's pending motion seeking a temporary restraining order (ECF No. 4) is denied in light of the dismissal of his complaint.

**I.    BACKGROUND**

    Plaintiff is a convicted state prisoner currently serving his sentence in South Woods State Prison. (ECF No. 1 at 2-3.) In May 2024, prison investigators intercepted a letter Plaintiff apparently sent to another inmate in which he made purported threats against other inmates and

prison staff. (*Id.* at 8.) This led to Plaintiff being charged with making threats in violation of the prison's internal policies. (*Id.*) After a few months, Plaintiff had a hearing before a prison Disciplinary Hearing Officer. (*Id.*) Plaintiff was found guilty of the alleged violations and was sanctioned with various penalties including the loss of 120 days of commutation credits towards his sentence. (*Id.* at 8-9.) Plaintiff was not present at this hearing, which he alleges was improperly scheduled and held, but instead was represented by a counsel substitute – a prison paralegal – who Plaintiff believes was unqualified as he was not a certified paralegal, which Plaintiff believes is required by state administrative rules. (*Id.*) Plaintiff appealed, and his charges and sanctions were upheld. (*Id.* at 9.) Plaintiff now seeks to bring Due Process claims against his hearing officer, his counsel substitute, and a great number of other NJ DOC staff based on Plaintiff's belief that prison and DOC leadership have essentially ignored the use of allegedly improper counsel substitutes in many disciplinary hearings throughout the system. The only alleged connection Plaintiff has to this allegedly faulty system is his own 2024 disciplinary charge. In addition, the only violations of Plaintiff's own individual rights alleged in the complaint are the various alleged violations of his own Due Process rights at his individual disciplinary hearing and on appeal therefrom, which resulted in his loss of several months' worth of commutation credits. (*Id.* at 8-13.)

Plaintiff also briefly alleges a claim against the South Woods prison law librarians. Plaintiff alleges that they denied him his First Amendment rights when they permitted the law library to be closed for certain days and by not providing unfettered and "unrestricted access" to law library materials and staff to him. Plaintiff alleges, without further detail, that this "has resulted in thousands of inmates miss[ing] deadlines of important court functions." (*Id.* at 11-12.) It appears that Plaintiff is attempting to raise an interference with access to the courts claim as to the law librarian Defendants in addition to his Due Process claims.

II.     **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court must screen Plaintiff's complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the

3

line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

In his complaint, Plaintiff essentially raises two types of claims under 42 U.S.C. § 1983: (1) a Due Process claim in which he asserts that his rights were violated during his disciplinary proceedings related to the threatening letter based on a systemic failure to provide an adequate counsel substitute and on various delays and improprieties in his hearing; and (2) a claim against the prison law librarians for denial of access to the Courts. Turning first to the denial of access to the courts, a prisoner seeking to raise such a claim must plead facts showing not only that the defendants improperly impeded his ability to access the courts, but also that as a result of these actions the plaintiff suffered an actual injury – i.e., that he lost a specific cognizable claim because of the defendants' actions. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 349-50 (1996); *Adekoya v. Chertoff*, 431 F. App'x 85, 89 (3d Cir. 2011). Here, Plaintiff does not allege any cause, action, or claim that he lost as a result of the actions of the law librarians, and thus has failed to allege an actual injury sufficient to support a claim for denial of access to the courts. Plaintiff's denial of access to the courts claim must therefore be dismissed without prejudice at this time.

In his remaining claims, Plaintiff seeks to challenge various alleged denials of Due Process he suffered during his prison disciplinary hearings as a result of allegedly inadequate prison paralegal training and as a result of other alleged improprieties. Even assuming, *arguendo*, that Plaintiff's allegations could state a plausible claim for a denial of Due Process, however, his claims are barred at this time because success on Plaintiff's Due Process claims would impugn the validity of his disciplinary punishments, which included the loss of commutation credits, and thus would

4

affect the length of Plaintiff's sentence. The Supreme Court has long held that a federal civil rights action "will not lie when a state prisoner challenges the fact or duration of his confinement," nor may such a prisoner use a civil rights claim to seek either his "immediate release" or a "shortening" of his term of confinement through a claim for damages. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005); *Heck v. Humphries*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 482, 489 (1973). Thus, "a . . . prisoner's [civil rights] action is barred (absent prior invalidation [of his conviction or disciplinary proceeding]) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal [disciplinary] proceedings) – *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson*, 544 U.S. at 81-82.

In this matter, Plaintiff seeks to raise alleged Due Process claims in relation to his 2024 disciplinary proceedings and appeals in which he lost 120 days of commutation time. He directly seeks to have his disciplinary charges overturned and his commutation credits restored. (ECF No. 1 at 12-13.) Plaintiff is thus directly challenging the fact or length of his detention in his current complaint, and potentially seeking to recover damages as a result. His claims are thus barred by the *Heck* doctrine as he does not allege that his disciplinary proceedings have been overturned through state law process or a habeas proceeding. Plaintiff may not proceed with his current Due Process claims unless and until he successfully overturns his loss of commutation credits through

such means. Plaintiff's Due Process claims must therefore all be dismissed without prejudice at this time as *Heck* barred.[1]

Finally, the Court notes that Plaintiff has also filed a motion seeking a temporary restraining order in this matter. (ECF No. 4.) As such a motion may only be granted where the Plaintiff is likely to succeed on the merits of his claims, Plaintiff's motion must be denied in light of the dismissal of his complaint. *See, e.g., Bennington Foods, LLC v. St. Croix Renaissance Grp., LLP*, 528 F.3d 176, 179 (3d Cir. 2008); *Ward v. Aviles*, No. 11-6252, 2012 WL 2341499, at *1 (D.N.J. June 18, 2012).

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**; Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; Plaintiff shall be granted leave to file an amended complaint within thirty days; and Plaintiff's motion seeking a temporary restraining order is **DENIED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

*[signature]*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Plaintiff's Due Process claims have merit, they are *Heck* barred. The Court, therefore, need not comment further regarding the specific merits of Plaintiff's claims. The Court does briefly note, however, that several Defendants in this matter are counsel substitutes – i.e., fellow prisoners acting in a quasi-defense attorney role – who likely are not sufficiently acting under color of state law in this role to support a claim under § 1983. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (finding those acting in a capacity akin to defense attorneys are not state actors subject to suit in a civil rights matter). Plaintiff's claims against the John Doe counsel substitutes would therefore be subject to dismissal for that reason as well.